UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL PATRICK BENNETT,

        Petitioner,

v.                                                      Case Number: 2:11-cv-14160
                                                          Honorable Lawrence P. Zatkoff

KEN ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION TO STAY
HABEAS PROCEEDINGS AND ADMINISTRATIVELY CLOSING THE CASE**

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Neil Patrick Bennett is a state prisoner currently incarcerated by the Michigan Department of Corrections at the Macomb Correctional Facility in New Haven, Michigan. He filed this *pro se* Habeas Petition, on September 22, 2011, challenging his convictions for two counts of third-degree criminal sexual conduct, following a jury trial in the Oakland County Circuit Court. He was sentenced as an habitual offender, second offense, to concurrent prison terms of thirteen-and-one-half to twenty-two-and-one-half years in prison for each conviction. In his pleadings, he raises claims concerning prosecutorial misconduct, the effectiveness of trial and appellate counsel, trial structural errors, improper sentencing, his right to a fair trial, the admission of improper hearsay evidence, his guilty plea regarding being an habitual offender, and the statute under which he was convicted.

On September 27, 2011, the Court ordered Respondent to file an Answer to the

Petition, along with the Rule 5 materials, by March 29, 2012.

Pending before the Court is Petitioner's "Motion to Allow Petitioner to Return to State Court" [dkt. # 7]. In that Motion, Petitioner asks the Court to stay his habeas proceedings so that he may return to the state courts to exhaust additional unexhausted claims regarding the effectiveness of counsel. For the reasons set forth, the Court grants Petitioner's request and stays his habeas-corpus proceedings.

## I. BACKGROUND

Following his sentencing, Petitioner filed an Appeal of Right with the Michigan Court of Appeals. On April 9, 2008, the Court of Appeals affirmed his convictions, but remanded for resentencing. *People v. Bennett*, No. 274390, 2008 WL 942009 (Mich. Ct. App. Apr. 8, 2008). Petitioner then filed an Application for Leave to Appeal that decision with the Michigan Supreme Court, which was denied. *People v. Bennett*, 483 Mich. 1070, 765 N.W.2d 879 (2009) (Table). Subsequently, Petitioner filed a post-conviction motion for relief from judgment with the state trial court, which was denied. *People v. Bennett*, No. 06-206697-FH (Oakland Cnty. Cir. Ct. Mar. 1, 2010). The Michigan appellate courts also denied his Applications for Leave to Appeal the denial of his post-conviction motion. *People v. Bennett*, No. 299164 (Mich. Ct. App. Dec. 2, 2010); *People v. Bennett*, 490 Mich. 857, 802 N.W.2d 346 (2011).

Petitioner now wants to return to state court to exhaust additional claims not raised in his Habeas Petition. He asks that this Court stay his proceedings so that he may exhaust

those claims in the state courts.

## II.  DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal-constitutional issues in the state courts before raising those claims in a federal habeas-corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas-corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Court is aware that pursuant to Michigan Court Rule 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir.

2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (citing *People v. Ambrose*, 459 Mich. 884, 587 N.W.2d 282 (1998)). However, Michigan Court Rule 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first motion was filed. *Banks*, 149 F. App'x at 418; *Hudson*, 68 F. Supp. 2d at 800-01.

Here, Petitioner may allege that he has newly discovered evidence in regard to his ineffective-assistance-of-counsel claim in his second motion for relief from judgment. Because there is some likelihood that the Michigan courts might permit Petitioner to file a second post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.502(G)(2), a procedural bar to Petitioner filing such a second motion is not clearly applicable. Therefore, the Court grants Petitioner's request to permit him to exhaust. *See Banks*, 149 F. App'x at 419-20.

A federal district court has the authority to abate or dismiss a habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to hold further proceedings on a habeas petition in abeyance pending exhaustion, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state-court

4

remedies).

Having considered the matter, the Court finds that it is appropriate to stay this case, as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking habeas relief due to the application of the one-year statute of limitations. *Id.* at 276. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 277.

In this case, Petitioner has shown the need for a stay. Any claims regarding ineffective assistance of counsel and newly discovered evidence may be potentially meritorious and therefore those claims should be addressed to, and considered by, the state courts in the first instance, so the state courts will have an opportunity to decide whether those claims have merit. The Court also recognizes that the one-year limitations period applicable to this action may pose a problem for Petitioner if this Court were to dismiss the Petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1).

### III.  CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's request is GRANTED [dkt. # 7], and further proceedings in this case are stayed pending exhaustion of state-court remedies. The

case shall be stayed provided that (1) Petitioner presents his unexhausted claims to the state court, if he has not done so already, within sixty (60) days from the date of this Order, and (2) he returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state-court remedies. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the [P]etition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.

SO ORDERED.

                                                                   s/Lawrence P. Zatkoff
                                                                   LAWRENCE P. ZATKOFF
                                                                   UNITED STATES DISTRICT JUDGE

Dated: February 29, 2012

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 29, 2012.

                                      s/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290