**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NEIL BENNETT,

       Petitioner,

v.                                                          Case No.  11-14160
                                                           Hon. Lawrence P. Zatkoff

PAUL KLEE,

       Respondent.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      Petitioner, a State of Michigan prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus, challenging his convictions on several constitutional grounds.  This matter is currently before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation [dkt. 33], wherein the Magistrate Judge recommends that this Court deny both (a) the Petition for Writ of Habeas Corpus and (b) a certificate of appealability.  Petitioner timely filed objections to the Report and Recommendation.

      After a thorough review of the court file (including the parties' motions and briefs), the Report and Recommendation, and Petitioner's Objections to the Report and Recommendation, this Court will adopt the Report and Recommendation and enter it as the findings and conclusions of the Court.  With one exception, Petitioner raised at least one objection for each of the Magistrate Judge's recommendations, merely reiterating the legal theories raised in his Petition.  Although the Magistrate Judge correctly addressed Petitioner's claims, the Court will briefly address the objections corresponding with the equal protection argument in claim IV, the

ineffective assistance of counsel arguments in claims IX, X and XVII, and the Sixth Amendment argument in claim XVII.

First, Petitioner objects on the ground that the Magistrate Judge failed to address the equal protection argument raised under claim IV. The Court cannot ascertain whether the Magistrate Judge addressed this claim, however, Petitioner fails to identify any facts or cite any legal authority concluding that he is a member of a protected class such that an equal protection claim is available to him. Moreover, it appears this claim – to the extent it exists – is not timely, as it was not raised in the Petition but was appended to an existing claim in Petitioner's Reply. Consequently, the Court does not find Petitioner's objection persuasive.

Second, Petitioner objects on the ground that the Magistrate Judge failed to address the ineffective assistance of counsel arguments deriving from claims IX, X and XVII. The Magistrate Judge did, however, address the substantive arguments in those claims and concluded that each lacked merit. Because Petitioner's underlying substantive arguments lack merit, trial counsel's failure to object was not constitutionally deficient performance, and appellate counsel's failure to argue ineffective assistance of trial counsel constitutes neither cause nor prejudice so as to overcome the procedural default herein. *See Bradley v. Birkett*, 192 Fed. Appx. 468, 475 (6th Cir. 2006) (reasoning that failure to raise a futile argument does not constitute ineffective assistance of counsel); *People v. Riley*, 468 Mich. 135, 141-42 (2003) ("Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion.") Accordingly, the Court does not find Petitioner's objection persuasive.

Finally, Petitioner objects to what he perceives as inconsistencies in the legal authorities cited in the Magistrate Judge's recommendation regarding the Sixth Amendment argument raised in claim XVII. Although the range of time during which the instant allegations arose is

longer than those in the cases cited by the Magistrate Judge, Petitioner fails to demonstrate that the criminal information filed in this case did not inform him of the offenses for which he was to be tried. Even if the Court were to assume for the purposes of this Opinion that the Magistrate Judge mischaracterized *Fawcett v Bablitch*, 962 F.2d 617 (7th Cir. 1992), this Court is not bound by 7th Circuit jurisprudence. Michigan law, however, provides that an information shall contain "[t]he time of the offense as near as may be," but that "no variance as to time shall be fatal unless time is of the essence of the offense." MCL 767.45(1)(b). It is well-settled in Michigan that "time is not of the essence, nor is it a material element, in criminal sexual conduct cases involving a child victim." *See People v. Dobek*, 274 Mich. App. 58, 83 (2007); *See also People v. Miller*, 165 Mich. App. 32, 47 (1987), *aff'd on remand*, 186 Mich. App. 660 (1991) (defendant was not prejudiced in preparing a defense because time is not an element in sexual assault offenses).

Although the child-complainant could not identify the specific date of the offense, the criminal information filed in this case gave Petitioner adequate notice of the elements of the alleged offense, none of which require the prosecution to prove the date of the offense beyond a reasonable doubt. Consequently, Petitioner is not entitled to relief under the Sixth Amendment. *See Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986) ("An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings.") Accordingly, the Court does not find Petitioner's objection persuasive.

Therefore, for the reasons stated above, the Court HEREBY ORDERS that Petitioner's Petition for Writ of Habeas Corpus is DENIED and this cause of action is DISMISSED WITH PREJUDICE.

4

IT IS FURTHER ORDERED that a certificate of appealability is DENIED with respect to all of the claims raised in the Petition. Judgment shall be entered accordingly.

IT IS SO ORDERED.


Date:   September 2, 2014                         s/Lawrence P. Zatkoff
                                                  Hon. Lawrence P. Zatkoff
                                                  U.S. District Judge